FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 19  PM 3: 52

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3968** |
| **MARLIN N. GUSMAN, SHERIFF** | **SECTION "B" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this habeas petition, state prisoner NELSON WASHINGTON seeks relief from his December 2001 Orleans Parish Criminal District Court conviction for possession of crack cocaine, for which he was sentenced to a term of 80 months.[1]

---

[1] The court relies upon the information presented in petitioner Washington's habeas corpus petition. Rec. Doc. 1. Since the court concludes, *sua sponte*, that Washington's federal petition is subject to dismissal, a response and a certified state court record were not requested from the State.

Before this court, petitioner raises two claims for relief: 1) that he was denied due process, and, 2) that his counsel was ineffective. Petitioner concedes that he has failed to present his claims to the state's highest court.[2]

The Court does not reach the merits of petitioner's grounds for relief since the petitioner has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988). To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Accordingly, petitioner's habeas corpus petition must be dismissed without prejudice to allow the state courts the first opportunity to rule on the merits of Nelson Washington's claims

---

[2] See Rec. Doc. 1, pp. 10, response to question number 13. Additionally, a staff member of the undersigned Magistrate Judge contacted the Clerk's office at the Louisiana Supreme Court and was informed that Nelson Washington has never filed a writ application with that court relative to his 2001 state court conviction. Moreover, a Westlaw search reveals no cases filed in the state courts by petitioner Washington relative to his 2001 conviction.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Nelson Washington for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of August, 2005.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE